**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **SHANK/BALFOUR BEATTY and BALFOUR BEATTY CONSTRUCTION, INC., Plaintiffs,** | |
| **v.** | **C.A. No. 06-43ML** |
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 99, Defendant.** | |

**ANSWER AND COUNTERCLAIM OF INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 99**

The Defendant, International Brotherhood of Electrical Workers, Local 99 ("Defendant"), answers Plaintiffs' Complaint as follows:

1. Defendant admits that the Complaint is in the nature of a Motion to Vacate and/or Motion to Modify an arbitral award. The remaining statement is purely jurisdictional and requires no response.

2. Defendant admits that Plaintiff states that it is a joint venture and qualified to do business in this State.

3. Admitted.

4. Defendant admits that this dispute arose while the parties were engaged on the tunnel project.

5. Defendant admits that the parties executed a Special Tunnel Agreement ("Agreement").

5(a). Admitted.

5(b). Defendant admits that this paragraph reflects the language in the "Management Rights" section of the agreement.

5(c). Defendant admits that this paragraph reflects the language in the "Jurisdiction" section of the agreement.

5(d). Defendant admits that this paragraph reflects, in part, the language in the "Grievance Procedure" section of the agreement.

6. Defendant admits that a grievance was filed on or about February 14, 2005. Defendant also admits that the language set forth by Plaintiffs represents part of the language of the grievance.

7. Admitted.

8. Admitted.

9. Defendant admits that Plaintiffs stated in a February 11 letter, that there was no basis for processing a jurisdictional dispute or grievance and that it believed that the work in dispute involved the turning of a master switch. To the extent that Plaintiffs allege that the work in dispute did not require an electrician's services, Plaintiffs are left to their proof.

10. Admitted.

11. Defendant admits that Arbitrator Murphy made an award in its favor on or about October 10, 2005. Defendant is without sufficient knowledge, information or belief upon which to answer the remaining allegations in Paragraph 11 and thus, they are neither admitted nor denied.

12(a). Admitted.

12(b). Defendant admits that the Arbitrator found that the grievance was arbitrable. Defendant admits that the language set forth by Plaintiffs represents part of one of the Plaintiffs' statement of the issues found on page 1 of the award.

12(c). Admitted.

12(d). Defendant admits that paragraph 12(d) is a statement of Plaintiffs' arbitrability arguments presented to the Arbitrator. However, Defendant denies Plaintiffs' characterization of the grievance and the merits of the arbitrability arguments.

12(e). Admitted.

12(f). Admitted.

12(g). Admitted.

12(h). Admitted. Defendant notes that emphasis was added by Plaintiffs.

12(I). Admitted.

13. Admitted that the language set forth by Plaintiffs in Paragraph 13 is one of the paragraphs in the Award.

## COUNT I

14. Defendant realleges and reincorporates paragraphs 1 through 13 of this Answer as though fully set forth herein.

15. Denied.

16. Denied.

17. Defendant denies that the Arbitrator exceeded his powers. Defendant admits that the Agreement excludes jurisdictional disputes but denies that the grievance contained a jurisdictional dispute.

18. Denied.

## COUNT II

18. (misnumbered) Defendant realleges and reincorporates paragraphs 1 through 17 of this Complaint as fully set forth herein.

19. Denied.

WHEREFORE, Defendant prays the relief sought by the Plaintiffs be denied and that it be granted such other and further relief, including attorneys' fees and costs, as this Honorable Court shall deem appropriate.

## IBEW's COUNTERCLAIM/ MOTION TO CONFIRM ARBITRATION AWARD

International Brotherhood of Electrical Workers, Local 99 ("IBEW") through its attorneys, respectfully requests this Court to confirm the arbitration award entered by Arbitrator Albert G. Murphy ("Arbitrator") on October 10, 2005 ("Award").

## STATEMENT OF FACTS

1. In March 2002, IBEW and the Company executed a Special Tunnel Agreement ("Agreement").

2. Within the Agreement, specifically Article 11, the parties set forth a grievance/arbitration procedure for the resolution of disputes.

3. Pursuant to Article 11, a grievance was filed by the Union on or about May 2002 with regard to a dispute over unsafe job conditions caused when an unqualified foreman performed electrical work which should otherwise have been performed by Local 99.

5. Defendant requested both monetary and equitable relief.

6. The grievance was resolved in favor of IBEW, following Arbitration, on October 10, 2005.

7. The Arbitrator ordered that the grievance be sustained; that a licensed electrician be assigned to the third shift; and awarded monetary relief.

8. The Arbitrator made factual findings, based on the testimony and the record that the matter was not a jurisdictional dispute and that the grievance was otherwise arbitrable.

9. The Award should be confirmed because the Arbitrator acted within his authority by issuing an award that draws its essence from the Agreement and is based upon a passably plausible interpretation of the Agreement. Furthermore, the Plaintiffs cannot prove that the Arbitrator manifestly disregarded the law, that the award was completely irrational, or should otherwise not be enforced.

10. Accordingly, the Award should be enforced by this Honorable Court.

WHEREFORE, IBEW prays for an order confirming the Arbitration Award dated October 10, 2005, as well as an order demanding that the Company comply with the Arbitrator's decision. IBEW also prays that it be granted such other and further relief, including attorney's fees and costs, as this Honorable Court shall deem appropriate.

International Brotherhood of Electrical Workers, Local 99
By its attorneys,

________________________
Gerard P. Cobleigh, #0232
70 Jefferson Boulevard
Warwick, RI 02888
Tel. (401) 941-5900
Fax (401) 461-4107

________________________
Carly Beauvais Iafrate, #6343
170 Westminster St., Suite 601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (fax)

**CERTIFICATION**

I hereby certify that a copy of the within document has been sent by first-class mail to Girard R. Visconti, Esq., Visconti & Boren, Ltd., 55 Dorrance St., Providence, RI 02903 on the 7th day of February 2006.