RECEIVED

APR 13 2006

Property of U.S. District Court
District of Rhode Island

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SHANK/BALFOUR BEATTY, A Joint Venture of M.L. SHANK COMPANY, INC. and BALFOUR BEATTY CONSTRUCTION, INC. | : | |
| v. | : | C.A. No.: 06-43ML |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 99 a/k/a IBEW LOCAL 99 | : | |

**AMENDED**
**COMPLAINT**

## Preamble

1. Plaintiff Shank/Balfour Beatty has filed a complaint in the nature of a Motion to Vacate and/or Modify the Award of the Arbitrator pursuant to RIGL §28–9-1 and more specifically, RIGL § 28-9-18 and RIGL § 28-9-20, in the State of Rhode Island Providence Plantations Superior Court noted as C.A. No. 06-0167.

2. That Defendant has removed the aforesaid complaint to Federal Court.

## Jurisdiction

1. Jurisdiction is conferred upon this court under Section 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185.

## Parties

2. Shank is a joint venture between two California corporations, M.L. Shank Co., Inc. and Balfour Beatty Construction, Inc. At all times material, Shank's office and place of business

is located in Providence, Rhode Island. Shank is an employer engaged in interstate commerce and in an industry affecting commerce within the meaning of Sections 2(6) and 2(7) of the National Labor Relations Act ("NLRA"), as amended, 29 U.S.C. §152(6) and (7), and within the meaning of Section 301(a), 29 U.S.C. §185(a).

3. Local 99 is a labor organization which represents employees in an industry affecting commerce and its duly authorized officers or agents are engaged in representing or acting for employee members in Providence, Rhode Island. Local 99 transacts business in Providence, Rhode Island.

## Venue

4. Venue is appropriate in this court under Section 301(c) of the LMRA, 29 U.S.C. §185(C) and 28 U.S.C. §139(b), in that Local 99 resides in Providence, Rhode Island and its duly authorized officers or agents are engaged in representing or acting for employee members in Providence, Rhode Island.

## Claim for Relief

5. Plaintiff, Shank/Balfour Beatty, is the contractor for the Narragansett Bay Commission in relation to the "Main Spine Tunnel and Ancillary Facilities."

6. The Plaintiff entered into a "Special Tunnel Agreement" in March of 2002 which provides methods for settling labor disputes. The agreement provided that the Plaintiff had right of assignment of job tasks to specific employees and unions. The agreement contained a grievance procedure which excepted jurisdictional disputes:

> Any dispute arising from performance of this "STA", except for a jurisdictional dispute.

7. Defendant, International Brotherhood of Electrical Workers, Local 99, filed a grievance in relation to a member of the Operating Engineers switching on a "breaker switch". Some ten months before Defendant filed this grievance, the parties to the agreement had held a jurisdictional proceeding in accordance with the agreement which had concluded that the kind of work in question did not fall within the jurisdiction of the Defendant.

8. Shank or Plaintiff entered into arbitration with the Defendant, but specifically stated that the arbitrator had no jurisdiction because of the jurisdictional exceptance to the grievance procedure, and because the arbitrator was not empowered to decide substantive arbitrability.

9. On October 13, 2005, Shank received the arbitrator's final award in favor of Local 99 and against Shank. A copy of the arbitration award is attached and incorporated by reference as Exhibit "A".

10. In issuing his award, the arbitrator exceeded his authority by ignoring the express jurisdictional dispute exception to his powers; by deciding substantive arbitrability; and by impermissibly modifying the Agreement. The award does not draw its essence from the Agreement.

11. For the reasons stated in Paragraph 10 above, as well as for other good and valid reasons, the arbitration award must be vacated.

WHEREFORE, Plaintiff demands judgment against Local 99 vacating the arbitration award, in addition to costs of suit.

Respectfully submitted,

Plaintiff,
Shank/Balfour Beatty A Joint Venture of M.L. Shank Company, Inc. and Balfour Beatty Construction, Inc.
by their Attorney:

Girard R. Visconti, #0566
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903
(401) 331-3800 (Telephone)
(401) 421-9302 (Facsimile)

Dated: April 13, 2006

CERTIFICATION

I hereby certify that on the 13th day of April, 2006, a copy of the within document was forwarded by regular mail, postage prepaid to the following:

Gerald P. Cobleigh, Esq.
70 Jefferson Blvd.
Warwick, RI 02888

Carly Beauvais Iafrate, Esquire
170 Westminster Street
Suite 601
Providence, RI 02903