**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SHANK/BALFOUR BEATTY, A Joint Venture of M.L. SHANK COMPANY, INC. and BALFOUR BEATTY CONSTRUCTION, INC.** | : | |
| **v.** | : | **C.A. No. 06-43ML** |
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 99** | : | |

**PLAINTIFF'S ANSWER TO DEFENDANT'S AMENDED COUNTERCLAIM/MOTION TO CONFIRM ARBITRATION AWARD**

**STATEMENT OF FACTS**

1. Plaintiff admits the Special Tunnel Agreement that was signed by the parties in March 2002.

2. Plaintiff admits that Article 11 provides for a grievance/arbitration procedure for the resolution of disputes. Notwithstanding, plaintiff states that said grievance procedure is not applicable in the instant matter since the dispute in question and issue arises out of a jurisdictional dispute. Said grievance procedure specifically states "Any dispute arising from performance of the STA, except for a jurisdictional dispute, or a violation of paragraph 10, shall be settled by the following three step procedure."

3. Plaintiff admits that a grievance was filed by the defendant, but denies each and every other allegation.

4. There is no number 4 in defendant's counterclaim.

5. Plaintiff neither admits nor denies the allegations of paragraph 5, but leaves defendant to its proof thereon.

6. Plaintiff admits that an award was made in favor defendant. Notwithstanding, plaintiff states that it disagrees with said award and filed a motion to vacate said award on various grounds.

7. Plaintiff neither admits nor denies the allegations of paragraph 7 and states that the arbitration award speaks for itself.

8. Plaintiff neither admits nor denies the allegation of paragraph 8 since the arbitration award speaks for itself. In further answering, plaintiff states that the arbitrator's findings and decision were erroneous, the arbitrator exceeded his authority, disregarded the essence of the agreement, improperly determined jurisdiction, etc.

9. Denied.

10. Denied.

WHEREFORE, plaintiff prays that this Honorable Court deny the counterclaim/motion of the defendant.

**FIRST AFFIRMATIVE DEFENSE**

Defendant's motion to confirm fails to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The decision of the arbitrator is:

Erroneous
Constitutes a manifest disregard of the law and the contract between the parties
The arbitrator's decision did not draw its essence from the agreement between the parties
The arbitrator exceed his authority in issuing the award
The award is contrary to the express language of the agreement
The award constitutes an impermissible modification of the agreement.
The arbitrator improperly held that he had jurisdiction concerning a jurisdictional dispute.

**THIRD AFFIRMATIVE DEFENSE**

The arbitrator had no jurisdiction in relation to the arbitration award, as noted by the plaintiff prior to and during the arbitration.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has prepared a motion to vacate the aforesaid arbitration award.

Plaintiff,
Shank/Balfour Beatty A Joint Venture of M.L. Shank Company, Inc. and Balfour Beatty Construction, Inc.
By its attorneys,

Girard R. Visconti (#0566)
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903
401/331-3800
401/421-9302 Fax

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a copy of the foregoing has been furnished by U.S. Mail, postage prepaid, this 8th day of June, 2006 to:

Gerald P. Cobleigh, Esq.
70 Jefferson Blvd.
Warwick, RI 02888

Carly Beauvais Iafrate, Esq.
129 Dyer Street
Providence, RI 02903