**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SHANK/BALFOUR BEATTY, A Joint Venture of M.L. SHANK COMPANY, INC., and BALFOUR BEATTY CONSTRUCTION, INC. | : | C.A. No.: 06-43ML |
| v. | : | |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 99 a/k/a/ IBEW LOCAL 99 | : | |

**MOTION OF SHANK/BALFOUR BEATTY, A JOINT VENTURE OF M.L. SHANK COMPANY, INC. AND BALFOUR BEATTY CONSTRUCTION, INC. TO ALTER OR AMEND THE JUDGMENT, AND FOR RELIEF FROM JUDGMENT UNDER FEDERAL RULES OF CIVIL PROCEDURE 59(e) AND 60(a) AND (b)**

Plaintiff, Shank/Balfour Beatty, a Joint Venture of M.L. Shank Company, Inc., and Balfour Beatty Construction, Inc. ("Shank"), by and through its counsel of record, moves this Court, pursuant to Federal Rules of Civil Procedure 59(e) and 60(a) and (b), to alter or amend the judgment and/or for relief from the judgment entered in this action on September 19, 2006. Shank requests that the Court modify the present judgment to reflect that the award of Arbitrator Albert G. Murphy be vacated to the extent the arbitrator found he had jurisdiction to decide whether the dispute between Shank and International Brotherhood of Electrical Workers Local 99 a/k/a IBEW Local 99 ("Local 99") was arbitrable and to the extent that arbitrator Murphy found that the dispute was arbitrable. Shank also requests that any judgment, be it the present judgment or a modified judgment, be entered with respect to Shank only and not with respect to Balfour Beatty Construction, Inc. Balfour Beatty Construction, Inc. is not a party to this action.

This motion is authorized pursuant to Federal Rule of Civil Procedure 59(e) as the Court's judgment failed to give relief to Shank on claims which the Court found Shank was entitled to relief, namely that the arbitrator did not have jurisdiction to decide the question of substantive arbitrability. Consequently, this Court should have vacated the arbitration award to the extent that the arbitrator found he had jurisdiction to decide arbitrability and to the extent that he rendered an award on the issue of arbitrability. This motion is also authorized under Federal Rules of Civil Procedure 59(e) and 60(a) and (b) as Balfour Beatty Construction, Inc. is not a party to this action or to the underlying arbitration proceeding. Therefore, the Court, in error, entered judgment against Balfour Beatty Construction, Inc. Moreover, the judgment as to Balfour Beatty Construction, Inc. is void as the Court did not have jurisdiction over that entity and Shank is entitled to relief under Federal Rules of Civil Procedure 60(b)(4).

By filing this motion, Shank in no way concedes the correctness of the remaining portions of the Court's Memorandum and Order or to any judgment that confirms any portion of the arbitrator's award.

DATED: September 27, 2006

Respectfully submitted,

Attorneys for Plaintiff, SHANK / BALFOUR BEATTY, A Joint Venture of M.L. SHANK COMPANY, INC. and BALFOUR BEATTY CONSTRUCTION, INC.

/s/Girard R. Visconti
VISCONTI & BOREN, LTD.
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302
grv@viscontilaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SHANK/BALFOUR BEATTY, A Joint Venture of M.L. SHANK COMPANY, INC., and BALFOUR BEATTY CONSTRUCTION, INC. | : | C.A. No.: 06-43ML |
| v. | : | |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 99 a/k/a/ IBEW LOCAL 99 | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SHANK/BALFOUR BEATTY, A JOINT VENTURE OF M.L. SHANK COMPANY, INC. AND BALFOUR BEATTY CONSTRUCTION, INC. TO ALTER OR AMEND JUDGMENT AND FOR RELIEF FROM JUDGMENT UNDER FEDERAL RULES OF CIVIL PROCEDURE 59(e) AND 60(a) AND (b)**

Plaintiff, Shank/Balfour Beatty, A Joint Venture of M.L. Shank Company, Inc., and Balfour Beatty Construction, Inc. ("Shank"), timely files its memorandum of points and authorities in support of its motion under Federal Rules of Civil Procedure 59(e) and 60(a) and (b), to alter or amend, and/or for relief from the judgment in the above-captioned action that was entered on or about September 19, 2006.

I.

INTRODUCTION

On or about October 10, 2005, Arbitrator Albert G. Murphy entered an award in a dispute between Shank and defendant International Brotherhood of Electrical Workers Local 99 a/k/a IBEW Local 99 ("Local 99"). The parties to that award were Shank and Local 99. Balfour Beatty Construction Co. was not a party to that award.

In the grievance hearing before Arbitrator Murphy, Shank argued the dispute between Shank and Local 99 was not arbitrable and that the arbitrator did not have the jurisdiction to decide the question of substantive arbitrability. Arbitrator Murphy disagreed. In his award, Arbitrator Murphy found he had jurisdiction to decide the question of substantive arbitrability. He decided the dispute was arbitrable. Arbitrator Murphy then rendered an award against Shank on the merits of the dispute.

On or about January 9, 2006, Shank filed a complaint in Superior Court to vacate Arbitrator Murphy's award. The only plaintiff in that action is Shank. Balfour Beatty Construction, Inc. is not a plaintiff. Balfour Beatty Construction, Inc. is referred to in the caption of the complaint and in the body of complaint simply to identify the entities that comprise the Shank joint venture.

Local 99 removed the case from Superior Court to the United States District Court for the District of Rhode Island. Shank thereafter filed an amended complaint. The parties did not change. The sole plaintiff is Shank/Balfour Beatty. Local 99 filed an amended counter-claim with its amended answer. Balfour Beatty Construction, Inc. was not named as a separate party in that amended counter-claim.

The parties prepared a stipulation of undisputed facts and exhibits. That stipulation was between Shank and Local 99 only. Again, Balfour Beatty Construction, Inc. was referred to in the stipulation simply to identify the entities that comprise the Shank joint venture. Shank moved to vacate the award and Local 99 moved to have the award confirmed.

In a Memorandum and Order dated September 19, 2006, the Court ruled on Shank's motion to vacate and Local 99's motion to confirm Arbitrator Murphy's award.

The first sentence of the Memorandum and Order correctly states that the motion to vacate the award was brought by Shank. The Memorandum and Order does not refer to Balfour Beatty Construction, Inc.

The Court agreed with Shank that arbitrator Murphy did not have jurisdiction to decide the question of arbitrability, stating:

> The Court agrees with Shank's contention that the arbitrator erred in deciding that the CBA gave the arbitrator, and not the Court, the authority to decide questions of arbitrability.

MEMORANDUM AND ORDER AT 7 (footnote omitted). Given the Court's decision, the Court should have vacated the award to the extent the arbitrator found he had jurisdiction to decide substantive arbitrability and to the extent he rendered a decision that the dispute was arbitrable. Nevertheless, the Court confirmed the arbitration award in its entirety and denied Shank's motion to vacate the award in its entirety.

The Court's Memorandum and Order was accompanied by a judgment. The Court's judgment stated the following, in pertinent part:

> Judgment shall be entered for the defendant, International Brotherhood of Electrical Workers Local 99 a/k/a IBEW Local 99, against the plaintiffs, Shank/Balfour and Balfour Beatty Construction, Inc. pursuant to the Memorandum and Order dated September 19, 2006 DENYING Plaintiffs' motion to Vacate Arbitration Award and GRANTING Defendant's Motion to Confirm the Arbitration Award.

The judgment is wrongfully entered against Balfour Beatty Construction, Inc., which is not a party to these proceedings.

## II.

## <u>DISCUSSION</u>

Federal Rule of Civil Procedure 59(e) authorizes a trial court to alter or amend a judgment on certain specified grounds. Any motion to alter or amend a judgment shall be filed no later than ten days after entry of the judgment. This motion is filed less than ten days from the date this Court entered its judgment in this case. The motion is timely.

Motions brought under Rule 59(e) must rely on one (or more) of three grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence not available previously; (3) the need to correct clear error of law or to prevent manifest injustice. Shank brings this motion under the third ground.

Before the arbitrator and before this Court, Shank argued the question of substantive arbitrability was not arbitrable and that the arbitrator had no jurisdiction to resolve the substantive arbitrability question. In its Memorandum and Order, this Court agreed with Shank on these points yet did not enter an order or a judgment vacating that portion of the arbitrator's award. Shank was entitled to that relief. In *Machinists, Lodge No. 1777 v. Fansteel, Inc.*, 900 F.2d 1005 (7th Cir.), *cert. denied*, 498 U.S. 851 (1990), the appellate court affirmed an order vacating an arbitration award where the arbitrator exceeded his authority in deciding the question of substantive arbitrability. The *Fansteel* decision was cited with approval in *Tejidos de Coamo, Inc. v. ILGWU*, 22 F.3d 8, 14 (1st Cir. 1994), which is cited by this Court.

The judgment entered in this case should reflect that the award is vacated to the extent the arbitrator found he had jurisdiction to decide arbitrability and to the extent he found the dispute arbitrable. Confirming the arbitrator's award in its entirety is inconsistent with the Court's finding that the arbitrator did not have jurisdiction to decide

the issue of substantive arbitrability and the Court's independent analysis of that question.

Shank also is entitled to a modified judgment under Rule 59(e), or relief from the judgment under Rule 60(a) and (b), to reflect that any judgment (whether the original judgment or an amended judgment) should be entered with respect to Shank only and not with respect to Balfour Beatty Construction, Inc. Balfour Beatty Construction, Inc. is not a party to this action and it would be a plain error of law for this Court to enter judgment against a non-party. Shank suspects that the judgment against Balfour Beatty Construction, Inc. was entered by mistake. Rule 60(a) authorizes the Court at any time to correct clerical errors found in judgments. Rule 60(b)(1) authorizes the Court to relieve a party of a judgment because of a mistake.

Further any judgment against Balfour Beatty Construction, Inc. is void and must be vacated under Rule 60(b)(4). A void judgment is one which, from its inception, is a complete nullity and without legal effect. *Lubben v. Selective Service System Board Local Board No. 27*, 453 F.2d 645, 649 (1st Cir 1972). A judgment is void "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." 11 C. A. Wright, A. R. Miller & M. K. Kane, *Federal Practice & Procedure: Civil* § 2862 (2d ed. 1987) (footnotes omitted). Any judgment against Balfour Beatty Construction, Inc. is void as that entity is not a party to this action and was not a party to the arbitration proceeding.

Based upon the foregoing, it is requested that Shank's motion be granted. Shank requests that the Court enter the Proposed Amended Judgment filed with this motion.

DATED: September 27, 2006

Respectfully submitted,

Attorneys for Plaintiff, SHANK / BALFOUR BEATTY, A Joint Venture of M.L. SHANK COMPANY, INC. and BALFOUR BEATTY CONSTRUCTION, INC.

/s/Girard R. Visconti
VISCONTI & BOREN, LTD.
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302
grv@viscontilaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SHANK/BALFOUR BEATTY, A Joint Venture of M.L. SHANK COMPANY, INC., and BALFOUR BEATTY CONSTRUCTION, INC. | : | C.A. No.: 06-43ML |
| v. | : | |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 99 a/k/a/ IBEW LOCAL 99 | : | |

**PROPOSED AMENDED JUDGMENT**

This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED, ADJUDGED:**

Judgment shall be entered for plaintiff Shank/Balfour Beatty vacating the arbitration award insofar as the arbitrator decided that he had jurisdiction to decide the question of substantive arbitrability and that portion of the arbitration award in which the arbitrator decided the issue of substantive arbitrability. Judgment shall be entered for

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

defendant International Brotherhood of Electrical Workers Local 99 a/k/a IBEW Local 99 confirming that portion of the arbitration award that found Shank violated the collective bargaining agreement by assigning Shank's foreman to perform electrical work.

Dated: _______________, 2006 By: ________________________________________

UNITED STATES DISTRICT JUDGE

DATED: September __, 2006

Respectfully submitted,

Attorneys for Plaintiff, SHANK / BALFOUR BEATTY, A Joint Venture of M.L. SHANK COMPANY, INC. and BALFOUR BEATTY CONSTRUCTION, INC.

/s/Girard R. Visconti
VISCONTI & BOREN, LTD.
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302
grv@viscontilaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this documents has been filed electronically on this 27th day of September, 2006 and is available for viewing and downloading to the ECF registered counsel of record:

**Via Electronic Service/ECF:**

**Carly Beauvais Iafrate, Esq.**
ciafrate@verizon.net

The undersigned hereby certifies that on this 27th day of September, 2006, a true copy of the within document was forwarded via U.S. Mail, postage prepaid, to the following counsel of record:

**Via U.S. Mail, postage prepaid:**

Gerard P. Cobleigh, Esq.
Cobleigh & Giacobbe
70 Jefferson Boulevard
Warwick, RI 02888

/s/ Girard R. Visconti
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9203
grv@viscontilaw.com

G:\Users\Brandi\Matters\Shank\Mtn[Memo.Law][ALTER][fcc.59.E].doc