**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SHANK/BALFOUR BEATTY and BALFOUR BEATTY CONSTRUCTION, INC., Plaintiffs,** | : | |
| **v.** | : | **C.A. No. 06-43ML** |
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 99, Defendant.** | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULES 59(e), 60(a) and 60(b)**

**I. Brief Summary of Facts.**

This case involves a labor dispute between the Plaintiff-employer, Shank/Balfour Beatty, a joint venture consisting of two corporations, ("Plaintiffs") and the Defendant-union, International Brotherhood of Electrical Workers, Local 99 ("Union"). The Union prevailed on the underlying grievance concerning electrical work being performed by an unlicensed company supervisor. Plaintiffs' then appealed to this forum. After reviewing the lengthy briefs filed by the parties, and hearing oral argument, this Court entered a Memorandum and Order, and accompanying judgment, in favor of the Union.

Plaintiffs' have now filed the instant motion to alter or amend the judgment, citing as authority Federal Rules of Civil Procedure 59(e), 60(a) and (b). Because there is no basis to alter or amend the judgment, the Union has filed the instant objection and memorandum.

**II. Applicable Rules.**

Plaintiffs have filed its motion under Federal Rules of Civil Procedure 59(e), 60(a) and (b). Before discussing the merits of Plaintiffs' motion, it is important to understand the purpose and applicability (or inapplicability) of the rules Plaintiffs have relied upon.

Pursuant to Rule 59(e), a party may file a motion to amend or alter the judgment within ten (10) days of the judgment. Any motion that attacks the validity of the judgment is properly characterized as a Rule 59(e) motion regardless of the label given by the movant. See, e.g., Osterneck v. Ernst & Whinney, 489 U.S. 169, 178-179, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989); see also James W. Moore, Moore's Federal Rules Pamphlet, § 59.7[2] (2006). A motion under Rule 59(e), typically called a motion for reconsideration, cannot be used to assert new arguments or claims. Marks 3-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006); Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006) ("The presentation of a previously unpled and undeveloped argument in a motion for reconsideration neither cures the original omission nor preserves the argument as a matter of right for appellate review.").

Specifically, "the 'general rule' for motions for reconsideration under Fed. R. Civ. P. 59(e) 'is that the moving party must 'either clearly establish a manifest error of law or must present newly discovered evidence.'" Marks, 455 F.3d at 15-16 (quoting Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005)). "A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Id. (quoting Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25, 426 F.3d 416, 422 (1st Cir. 2005)).

By comparison, a Rule 60(a) motion, is permissible to correct a "clerical" error. Fed. R. Civ. P. 60(a). "An error in judgment is considered 'clerical' in nature if the judgment as entered fails to reflect the actual intention of the court." James W. Moore, Moore's Federal Pamphlet, § 60.3, p.792 (2006) (citing Dudley v. Penn-America Ins. Co., 313 F.3d 662, 665 (2d Cir. 2002)). "If the district court intended to enter the judgment as entered, any error in the judgment is not clerical, but is a substantive legal error and may not be corrected under Rule 60(a), but must instead be either appealed or challenged by postjudgment motion under Rule 60(b)." Id. at 793 (citing cases).

Rule 60(b)(1) and (4) are also cited as authority for amending or correcting the judgment. "It is fundamental that Rule 60(b) provides for extraordinary relief, [and] a motion thereunder may be granted only under exceptional circumstances." Fernando Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 27-28 (1st Cir. 2006). The First Circuit has interpreted Rule 60(b)(1) to require the moving party to demonstrate "excusable neglect," when attempting to obtain relief based on "mistake, inadvertence, or carelessness, as well as [] intervening circumstances beyond the party's control." Id. at 28. To obtain relief from judgment under Rule 60(b)(4), Plaintiffs must demonstrate that the Court had no subject-matter jurisdiction over the corporations comprising the joint venture. See Fafel v. DiPaola, 399 F.3d 403, 409-10 (1st Cir. 2005).

**III. Discussion.**

***A. Balfour Beatty Construction as a Plaintiff.***

For the first time, the Plaintiffs have alleged that Balfour Beatty Construction, Inc., is not a party, and thus the Court has no jurisdiction to have entered a judgment against that entity. According to the complaint filed by Plaintiffs, Shank/Balfour Beatty is a joint venture consisting

of two other California corporations, M.L. Shank Company, Inc. and Balfour Beatty Construction, Inc. The name "Balfour Beatty Construction, Inc.," was placed into this controversy as a Plaintiff, by the Plaintiff. Plaintiff consistently described itself as a joint venture comprised of M.L. Shank and Balfour Beatty Construction, and did not specifically excluding these two entities as parties. In fact, the caption includes all three corporate names. Although it appears that the original arbitration proceedings involved only Shank/Balfour Beatty, a review of the secretary of state's records reveals that there is no separate corporation called "Shank/Balfour Beatty" registered in Rhode Island. Instead, the two entities M.L. Shank Company, Inc. and Balfour Beatty Construction, Inc., are both registered and licensed to do business in Rhode Island. See Exhibit A.

Since both of these corporations comprise the joint venture (and are presumably liable for judgments imposed upon Shank/Balfour Beatty), and were originally placed on the pleadings by Plaintiff, and no issue was ever raised to exclude them, there does not appear to be any good reason to vacate the judgment as to that entity. It does not appear that Plaintiff has met its burden to demonstrate that any change is warranted under either 59(e) or 60(a) or (b), since there is no evidence that the Court lacked subject matter jurisdiction, made a clerical error or other mistake.

***B. Merits of Court's Decision.***

The Plaintiffs' second contention relates to the merits of the Court's decision, granting the Union's motion to confirm the arbitrator's award. Specifically, the Plaintiffs argue that because the Court found that the arbitrator mistakenly determined that he, and not the Court, had the authority to decide initial jurisdiction, this necessitated the Court vacating, and not confirming, the award. This argument ignores the fact that the Court, once it decided that the

arbitrator mistakenly determined his own jurisdiction,[1] reviewed the merits of the dispute de novo. On its own evaluation, the Court ultimately agreed that the Arbitrator reached the right result, notwithstanding his initial error. Because of this, the Union's motion to confirm was granted.

The Plaintiffs overlook the fact that the Court's remedy for the Arbitrator's mistake was to perform a level of review of the arbitrability question not normally afforded - de novo - which is consistent with the law in this, and many other jurisdictions. The normally deferential review was taken away because of the arbitrator's mistake. As the Court makes clear, it intended to reach this result. Memorandum & Order, p.7, n.3. Accordingly, there is no evidence that the Court's judgment was a clerical error correctable under Rule 60(a). There can be no finding that the judgment is a mistake or void, under Rule 60(b)(1) or (4), just because the Plaintiffs disagree with it.

The Fansteel decision does not require a different result. Neither the Fansteel Court, nor the First Circuit in Tejidos de Coamo, Inc., **require** that in every case where the Arbitrator errs in determining his jurisdiction, vacating the award on the merits is required. See Machinists, Lodge No. 1777 v. Fansteel, Inc., 900 F.2d 1005 (7th Cir. 1990) (decision vacates arbitration award, but without any evidence that question on the merits was before the Court); Tejidos de Coamo, Inc. v. ILGWU, 22 F.3d 8, 14 (1st Cir. 1994) (not addressing the issue of whether a finding that the arbitrator erred in its arbitrability always requires vacating the whole award). Here, the Court properly made its own independent evaluation, and ultimately reached the same result. Accordingly, there is no basis for reconsideration under any rule.

---

[1]The Union does not agree that the Arbitrator lacked the jurisdiction to decide the arbitrability question.

**III. Conclusion.**

Based on the foregoing, the motion for reconsideration filed by the Plaintiffs should be denied.

International Brotherhood of
Electrical Workers, Local 99
By its attorneys,

/s/ Gerard P. Cobleigh
________________________

Gerard P. Cobleigh, #0232
70 Jefferson Boulevard
Warwick, RI 02888
Tel. (401) 941-5900
Fax (401) 461-4107

/s/ Carly Beauvais Iafrate
________________________

Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, RI 02903
(401) 421-0065
(401) 421-0964 (fax)

**CERTIFICATION**

The undersigned hereby certifies that this document has been filed electronically on this 11th day of October 2006, and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Girard R. Visconti
Visconti & Boren, Ltd.
55 Dorrance Street
Providence, RI 02903

/s/ Carly Beauvais Iafrate
________________________