UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SHANK/BALFOUR BEATTY, A Joint Venture of M.L. SHANK, COMPANY, INC., and BALFOUR BEATTY CONSTRUCTION, INC.

v. C.A. No. 06-43ML

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 99 a/k/a IBEW LOCAL 99

**Order**

This matter is before the Court on Plaintiff's, Shank/Balfour Beatty, ("Plaintiff") motion to alter or amend judgment under Fed. R. Civ. P. 59(e) and 60(a) and (b).

Plaintiff argues, for the first time, that Balfour Beatty Construction, Inc., is not a party to this action and thus the Court has no jurisdiction to enter a judgment against the entity. The complaint and amended complaint identify Plaintiff as "Shank/Balfour Beatty." Complaint and Amended Complaint at 1. The complaint and amended complaint further describe Plaintiff as a joint venture between M.L. Shank Co., Inc., and Balfour Beatty Construction, Inc. Id. Throughout this litigation, Plaintiff consistently identified itself as a joint venture. Plaintiff never, before the filing of the instant motion, raised any issue or concern to alert the Court or Defendant that Balfour Beatty Construction is not subject to the entry of judgment against it. Without elaboration, Plaintiff simply states that Balfour Beatty Construction is not a party to this action. Plaintiff's assertion on this point is utterly baffling. It was Plaintiff itself that named Balfour Beatty Construction as a Plaintiff in this action.

Plaintiff next argues that because the Court found that the arbitrator erred in deciding that he had initial jurisdiction to decide arbitrability, the judgment should reflect that the arbitration award is vacated to the extent that the arbitrator found that he had jurisdiction to decide arbitrability and to the extent he found the dispute arbitrable. This Court determined that the arbitrator erred in deciding that he had the authority to determine the threshold issue of arbitrability. The Court found that the question of arbitrability was one for the Court and not the arbitrator. As a result of that decision, the Court then performed a de novo review to determine whether the grievance was subject to arbitration. On its own independent evaluation, the Court found that the grievance was subject to arbitration. Further, the Court determined that the arbitration award should be confirmed. Shank has not pointed this Court to any authority to suggest that the Court's decision or judgment was in error.

For the above reasons, the motion of Plaintiff to alter or amend judgment is DENIED.

SO ORDERED

Mary M. Lisi
Mary M. Lisi
United States District Judge
October 16, 2006